PAR4.29.25
KD: 2024R00127



IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. TDC-25-cr-29 |
| | * | |
| v. | * | (Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1); SNAP Benefits Fraud, 7 U.S.C. § 2024(b)(1); SSN Misuse, 42 U.S.C. § 408(a)(7)(B); Theft of Government Property, 18 U.S.C. § 641; Possession of Fifteen or More Unauthorized Access Devices, 18 U.S.C. § 1029(a)(3); Passport Fraud, 18 U.S.C. § 1542; Tampering With a Witness, Victim, or an Informant, 18 U.S.C. § 1512(c)(1); Aiding and Abetting, 18 U.S.C.§ 2; Forfeiture, 7 U.S.C. § 2024(e) and (f), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| BRENDYN ANDREW and, | * | |
| DOMINIQUE COLLINS, | * | |
| Defendants. | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland charges that:

Beginning in or about February 2021 and continuing until in or about June 2021, in the District of Maryland, the Defendant,

**BRENDYN ANDREW**,

during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, knowing that the means of identification belonged to an actual person, that is, **ANDREW** used the social security numbers of A.C. and S.J. during and in relation to Theft of Government Property in violation of 18 U.S.C.§ 641 as set forth in Count 6 of this Indictment.

18 U.S.C. § 1028A(a)(1)

## COUNTS TWO-THREE
(SNAP Benefits Fraud)

The Grand Jury for the District of Maryland further charges that:

On or about the dates set forth below, in the District of Maryland, the Defendant,

**BRENDYN ANDREW**,

did knowingly and unlawfully acquire, possess, and use supplemental nutrition assistance program ("SNAP") benefits, the value of said benefits being greater than $100.00, but less than $5,000.00, as set forth below:

| Count | Date | Victim | Description |
| --- | --- | --- | --- |
| 2 | February 10, 2021 | A.C. | Submission of application to the Maryland Department of Human Services – Family Investment Administration for SNAP benefits in the name of A.C.; resulting in acquisition of benefits in the amount of $3,597.00 in the name of A.C. |
| 3 | May 24, 2021 | S.J. | Submission of application to the Maryland Department of Human Services – Family Investment Administration for SNAP benefits in the name of S.J, resulting in acquisition of benefits in the amount of $1,248 in the name of S.J. |

7 U.S.C. § 2024(b)(1)

## COUNTS FOUR AND FIVE
(Misuse of Social Security Number)

The Grand Jury for the District of Maryland further charges that:

Beginning in or about February 2021 and continuing until in or about June 2021, in the District of Maryland, the Defendant,

**BRENDYN ANDREW**,

in a matter within the jurisdiction of the Social Security Administration ("SSA"), an agency of the executive branch of the United States, knowingly and willfully and with the intent to deceive, falsely represented to the Maryland Department of Human Services – Family Investment Administration that he was A.C. and S.J., and that the social security account numbers assigned to A.C. and S.J belonged to Defendant **ANDREW**, for the purpose of obtaining SNAP benefits.

42 U.S.C. § 408(a)(7)(B)

## COUNT SIX
(Theft of Government Property)

The Grand Jury for the District of Maryland further charges that:

Beginning in or about February 2021 and continuing until in or about June 2021, in the District of Maryland, the Defendant,

**BRENDYN ANDREW,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, money of the United States, whose value exceeded $1,000, namely, SNAP Benefits, from the United States Department of Agriculture, by way of the Maryland Department of Human Services – Family Investment Administration, to which he was not entitled.

18 U.S.C. § 641

## COUNT SEVEN
(Possession Of Fifteen Or More Unauthorized Access Devices)

The Grand Jury for the District of Maryland further charges that:

On or about October 14, 2022, and continuing through on or about October 19, 2022, in the District of Maryland, the Defendant,

**BRENDYN ANDREW,**

did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, to wit, electronic benefit transfer ("EBT") cards, which he knew were unauthorized access devices, such conduct affecting interstate commerce.

18 U.S.C. § 1029(a)(3)

## COUNT EIGHT
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about February 13, 2024, in the District of Maryland, the Defendant,

**BRENDYN ANDREW,**

during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, knowing that the means of identification belonged to an actual person, that is, **ANDREW** used the social security number of T.C. during and in relation to Passport Fraud in violation of 18 U.S.C. § 1542 as set forth in Count 9 of this Indictment.

18 U.S.C. § 1028A(a)(1)

## COUNT NINE
(Passport Fraud)

The Grand Jury for the District of Maryland further charges that:

On or about February 13, 2024, in the District of Maryland, the Defendant,

**BRENDYN ANDREW,**

did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for **ANDREW'S** own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application, **ANDREW** stated he was victim T.C., which statement **ANDREW** knew to be false.

18 U.S.C. § 1542

## COUNT TEN
(Tampering With a Witness, Victim, or an Informant)

The Grand Jury for the District of Maryland further charges that:

On or about March 28, 2025, in the District of Maryland and elsewhere, the Defendants,

**BRENDYN ANDREW and
DOMINIQUE COLLINS,**

did corruptly alter, destroy, mutilate, and conceal a record, document, and other object to wit: the Google account Linkeda10@gmail.com, with the intent to impair its integrity and availability for use in an official proceeding.

18 U.S.C. § 1512(c)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 7 U.S.C. § 2024(e) and (f), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts Two, Three, or Six of this Indictment.

### SNAP Fraud Forfeiture

2. Upon conviction of the offense(s) alleged in Counts Two or Three of this Indictment, the Defendant,

**BRENDYN ANDREW,**

shall forfeit to the United States, pursuant to 7 U.S.C. § 2024(e) and (f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c):

   a. any nonfood items, moneys, negotiable instruments, securities, or other things of value furnished by the Defendant in exchange for benefits, or anything of value obtained by use of an access device, in any manner contrary to Title 7, United States Code, Chapter 51 or the regulations issued under Title 7, United States Code, Chapter 51;

   b. all property, real or personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such offense(s);

   c. any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

### Theft of Government Property Forfeiture

3. Upon conviction of the offense alleged in Count Six of this Indictment, the Defendant,

**BRENDYN ANDREW,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to: a forfeiture money judgment in the amount the Defendant earned as a result of Counts Two, Three, or Six of this Indictment.

### Access Device Fraud Forfeiture

5. Upon conviction of the offense(s) alleged in Count Seven of this Indictment, the Defendant,

**BRENDYN ANDREW,**

shall forfeit to the United States, pursuant to 8 USC § 982(a)(2)(B), 18 USC § 1029(c)(1)(C), and 28 U.S.C. § 2461(c):

   d. all property, real or personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such offense(s);

   e. any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

### Passport Fraud Forfeiture

6. Upon conviction of the offense(s) alleged in Count Nine of this Indictment, the Defendant,

**BRENDYN ANDREW,**

shall forfeit to the United States, pursuant to 8 USC § 982(a)(6)(a)(ii)(l), 18 USC § 982(a)(6)(a)(I) & (ii)(II), and 28 U.S.C. § 2461(c):

    f.    all property, real or personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such offense(s);

    g.    any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

### Destruction of Records Forfeiture

7. Upon conviction of the offense(s) alleged in Count Ten of this Indictment, the Defendant,

**BRENDYN ANDREW,**

shall forfeit to the United States, pursuant to 8 USC § 982(a)(2)(B), 18 USC § 1029(c)(1)(C), and 28 U.S.C. § 2461(c):

    h.    any property, real or personal, which constitutes or is derived from proceeds traceable to such offense(s).

### Substitute Assets

8. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

7 U.S.C. § 2024(e)
7 U.S.C. § 2024(f)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:

*[signature]*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

May 1, 2025
Date